George Tilzer, J.
The plaintiff corporation alleges that it is engaged in the theatrical business; that it employs singers, to act as a singing group and that it sells such group under the name The Drifters.” It seeks a temporary injunction restraining the defendants, a booking agency, from utilizing the name “ The Drifters ” and from acting as an agent for “ The Drifters.”
The plaintiff claims its name has been used by it and its predecessors for more than five years; that it, the plaintiff corporation, has entered into an agreement with another booking agency giving to such agency the exclusive right to book the group known as ‘ The Drifters ’ ’; that the defendants have offered to purchasers of talent, at a price far below the value of plaintiff’is act, a singing gr oup known as “ The Original Drifters ’ ’; and that by reason of the defendants ’ acts the plaintiff’s bookings have been cancelled and it has been unable to sell its group at its usual price.
In addition to that opposition expressed by the- defendants, three individuals, not parties to the action, allege that they were-members of the group organized as “ The Drifters -that the *779 affiant in behalf of the plaintiff corporation, an attorney and accountant, was employed by them to handle their tax matters; and that he was never authorized to file a certificate of incorporation nor to incorporate the name, “ The Drifters.” The name, “ The Original Drifters,” was assumed by them, it is asserted, since the fourth member of their present quartet has been changed from time to time.
This court is of the view that the plaintiff has not established its undisputed right to the drastic relief of a temporary injunction. It would seem that the true objects of the plaintiff’s action should be those singers, including the three above-mentioned, who are holding themselves out as “ The Original Drifters.” There has been, however, at least directly, no attempt made to restrain these individuals. This, the plaintiff, nevertheless, would accomplish indirectly by restraining the defendants from acting as agent for these individuals. Those particularly involved, in the circumstances, might be deprived of earning a livelihood by virtue of the inability or the indifference of the defendants to properly acquaint the court with the true facts of the controversy. As the defendants forthrightly point out to the court, all they have to lose is the booking of a quartet; the great financial burden and loss would fall upon the singers. In view of the sharp issues presented, and doubtful as this court is of the plaintiff’s ultimate success, the motion is denied.